## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BRENT HOLT and** | § | |
| **CHARLESCIE HOLT,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **Case No. 1:23-CV-00677-DII** |
| | § | |
| **SUMMIT STONEWORKS, LLC,** | § | |
| *Defendant* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO THE HONORABLE UNITED STATES DISTRICT COURT**

Before the Court are Plaintiffs' Motion to Remand and Motion for Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c), filed July 14, 2023 (Dkt. 5), and Defendant's Response, filed July 28, 2023 (Dkt. 6). By Text Order entered July 31, 2023, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    Background

Plaintiffs, Texas residents Brent Holt and Charlescie Holt, filed this personal injury lawsuit after Brent was allegedly injured at Defendant Summit Stoneworks, LLC's property in Buda, Texas. Plaintiffs allege that on November 1, 2021, Brent was helping Summit employees unload stone slabs from the back of a pickup truck when he was struck by a slab, causing him severe injuries. Petition ¶¶ 9-11, Dkt. 1-3. Plaintiffs allege that an unknown Summit employee, who was acting within the course and scope of his employment, caused the slab to fall on Brent when the employee negligently picked it up with a forklift. *Id.* ¶ 11.

On May 12, 2023, Plaintiffs filed this suit in state court in Hays County, Texas against Summit, asserting that venue was proper there because Summit "is a Texas limited liability company maintaining its principal place of business in Hays County, Texas." *Holt v. Summit Stoneworks, LLC*, No. 23-1166 (207th Dist. Ct., Hays County, Tex. May 12, 2023), Dkt. 1-3 ¶ 5. Plaintiffs assert one claim of negligence against Summit, alleging that it is vicariously liable under the doctrine of *respondeat superior* for the negligence of its employee.

On June 9, 2023, L.A.R.K. Industries, Inc. d/b/a Summit Stoneworks ("LARK"), a California corporation, filed its Original Answer to Plaintiffs' Petition generally denying Plaintiffs' allegations and asserting that Plaintiffs had improperly named "Summit Stoneworks, LLC" as the defendant. Dkt. 1-3 at 26. LARK contends that it acquired Summit in August 2018 in an Asset Purchase Agreement and at that time assumed the lease of Summit's property (where the accident took place) and began operating under "the d/b/a Summit Stoneworks, a Residential Design Services Company." Self Aff., Dkt. 6 at 7. LARK contends that Summit Stoneworks, LLC ceased business operations at that time. *Id.*

After LARK removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), Plaintiffs filed this Motion to Remand under 28 U.S.C. § 1447(c) and Motion for Attorneys' Fees. LARK opposes both motions. Notably, Plaintiffs did not file a reply brief.

## II.   Legal Standards

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress has granted federal courts jurisdiction over two general types of cases: cases that arise under federal law ("federal question jurisdiction"), and cases in which the amount in controversy exceeds $75,000 and there

is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 and 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Congress also has enacted statutes permitting parties to remove to federal court cases originally filed in state court. *Home Depot*, 139 S. Ct. at 1746. The general removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal bears the burden of establishing federal jurisdiction and that removal was proper. *Id.* "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

Under 28 U.S.C. § 1447(c), a district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

### III.    Analysis

Plaintiffs argue that  removal was improper because "there is no diversity amongst the parties" and removal violates the forum defendant rule under 28 U.S.C. § 1441(b)(2). Dkt. 5 at 1. Plaintiffs also move for attorneys' fees and costs incurred a result of the "improper removal." *Id.* at 3. LARK argues that removal was proper under § 1441(a).

### A.  Motion to Remand

LARK removed this case to federal court based on diversity jurisdiction, which requires "complete diversity" of parties—that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019); *see also* 28 U.S.C. § 1332(a). "For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citation omitted). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1). Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin.*, 929 F.3d at 314.

Plaintiffs argue that complete diversity did not exist at the time of removal because Plaintiffs are Texas citizens and "Summit Stoneworks, LLC, not L.A.R.K., is the named defendant in Plaintiff's case and is a Texas citizen for the purposes of diversity jurisdiction." Dkt. 5 at 3. Plaintiffs contend that "there is no diversity between the Parties" and so this case must be remanded to Hays County District Court. *Id.*

LARK, a California citizen, has presented uncontroverted evidence that at the time of Brent's accident on November 1, 2021, it (1) leased the property where Brent was injured, (2) owned the forklift involved in the accident, and (3) employed the individual who allegedly caused the accident. LARK submits an affidavit from Brandon Self, former chief financial officer and co-owner of Summit, later vice president of business development for LARK, stating:

> On August 31, 2018, LARK acquired Summit Stoneworks, LLC through an Asset Purchase Agreement in which it acquired Summit Stoneworks, LLC's assets and liabilities. In connection with its purchase of the assets of Summit Stoneworks, LLC, LARK assumed the lease of the facility located at 266 Commercial Drive

in Buda, Texas and began operating under the d/b/a "Summit Stoneworks, a Residential Design Services Company", as reflected in the Texas Secretary of State filings. LARK owned the forklift and employed the individuals Plaintiff alleges caused the incident basis of suit.

After LARK acquired Summit Stoneworks, LLC, Summit Stoneworks, LLC ceased business operations. Summit Stoneworks, LLC has not conducted regular business since the sale to LARK in 2018 and does not maintain liability insurance.

Further, Summit Stoneworks, LLC is not a proper defendant in this suit as it did not own, lease, possess, or control the property where the incident basis of suit occurred, nor did it own possess, or control any of the equipment or employees allegedly involved in the incident basis of suit. The location of the incident at issue in Plaintiffs Complaint, 303 Commercial Drive, was never leased by Summit Stoneworks, LLC. 303 Commercial Drive was originally leased by LARK in 2019.

Dkt. 6 at 7-8. Plaintiffs do not dispute any of these facts. It is also undisputed that LARK is a California corporation with its principal place of business in the State of California, at the time of Brent's accident and when this suit was filed and removed. Dkt. 1 at 1-2.

The undisputed evidence shows that at the time of Brent's accident, LARK leased the property where he was injured, owned the forklift involved in the accident, and employed the individual who allegedly caused the accident. The evidence also shows that Summit had ceased business operations at the time of Brent's accident. Based on this undisputed evidence, LARK is the proper defendant in this lawsuit, not Summit, and complete diversity existed when LARK removed this case to federal court on June 15, 2023. LARK's removal therefore was proper. *Strauss v. Am. Home Prod. Corp.*, 208 F. Supp. 2d 711, 718 (S.D. Tex. 2002) (denying motion to remand where evidence showed diverse successor in interest was the proper defendant and not the non-diverse predecessor in interest).

Plaintiffs' argument that the forum defendant rule prohibits removal is not persuasive. The procedural[1] forum defendant rule provides that: "A civil action otherwise removable solely on the basis of the jurisdiction under § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A non-resident defendant cannot remove an action if the citizenship of any co-defendant joined in good faith destroys complete diversity, regardless of service. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). "The reason for this rule is straightforward: In an effort to manufacture complete diversity, a non-forum defendant 'should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected.'" *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (per curiam) (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)). The rule does not apply here because Summit and LARK are not co-defendants and, more importantly, complete diversity existed at the time of removal.

### B.  Motion for Attorneys' Fees

Plaintiffs argue that they are entitled to their attorneys' fees and costs under 28 U.S.C. § 1447(c) because LARK's removal of this case "was not reasonable." Dkt. 5 at 4. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because complete diversity existed, LARK had an objectively reasonable basis to seek removal, and Plaintiffs' Motion for Attorneys' Fees should be denied.

---

[1] The forum-defendant rule is procedural and does not affect a court's subject matter jurisdiction. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

LARK filed its Notice of Removal on June 15, 2023, stating that it was a California corporation with its principal place of business in California and that Plaintiffs had wrongly sued Summit instead of LARK.[2] When Plaintiffs filed the Motion to Remand and Motion for Attorneys' Fees on July 14, 2023, therefore, they already had notice that LARK was the proper defendant in the negligence action and that complete diversity existed at the time of LARK's removal. Plaintiffs also could have withdrawn their Motion once Defendant filed its Response. The Court admonishes Plaintiffs' counsel of their obligation to avoid wasting judicial resources and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

**C. Substitution of Named Defendant**

To reflect the proper defendant in this case, LARK is directed to file a motion for substitution under Rule 25(c).

## IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Remand and Motion for Attorneys' Fees and Costs (Dkt. 5).

It is **ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See*

---

[2] Dkt. 1 at 1 (stating that "Defendant **L.A.R.K. INDUSTRIES, INC. d/b/a SUMMIT STONEWORKS**, improperly named as SUMMIT STONEWORKS, LLC"); Dkt. 1-2 at 1, 3 (stating that Plaintiffs improperly sued "Summit Stoneworks, LLC" instead of LARK who acquired "all assets" of Summit in 2018 when Summit "ceased business operations and L.A.R.K. Industries, Inc. began operating the property at issue under the d/b/a Summit Stoneworks").

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on September 1, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE